# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GEORGIANNA I. PARISI,

          Plaintiff,    :    Case No. 3:14-cv-346

                              District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

MATHIAS HECK, JR., et al.,

          Defendant.    :

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF STRIKING RESPONSE IN SUPPORT OF OBJECTIONS

This case is before the Court on Plaintiff's Motion (ECF No. 60) for the Magistrate Judge to reconsider his Order (ECF No. 51) Striking Plaintiff's Response (ECF No. 50) to the Prosecutor's Response (ECF No. 47) to Plaintiff's Objections to the pending Report and Recommendations (ECF No. 39).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.

1

>*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

The document which the Court struck was a reply by Plaintiff to a Response filed by the Montgomery County Prosecuting Attorney Defendants.  Plaintiff had sought leave to file such a document and the Court had denied leave (ECF No. 48 and notation order denying).  Plaintiff went ahead and filed anyway, despite being denied leave and the Magistrate Judge struck the filing with an explanation that such a memorandum was not authorized (ECF No. 51).

In seeking reconsideration, Plaintiff asserts her proposed filing

> addressed the elements of theft (as the MCPO continue to contend that Defendant Thomas Shaw's "investigation" was just a series of starts and stops in a never ending criminal investigation, despite a lack of probable cause) as well as additional facts concerning the said "investigation".
>
> The Response also addresses the MCPO Defendants' contention that there was no requirement for the Montgomery County Probate Judge and Magistrates to report the issues regarding attorneys Patrick Mulligan and Mary K. C. Soter to the DBA.
>
> The Plaintiff further addresses a mischaracterization of her argument, as noted by the MCPO Defendants' in footnote 41 in their Response. (Doc #42 page 447).

(Motion, ECF No. 60, PageID 653.)  Plaintiff never attempts to show that reconsideration is merited by a manifest error of law in striking her memorandum.  She does not even cite to authority from this Court or any other court allowing a reply to a response to objections under Fed. R. Civ. P. 72.  Nor has she made a case for the necessity to create an exception here.  For

example, there is no obligation to stop a criminal investigation because no probable cause has yet been found; rather, the obligation is not to file charges without probable cause.

This case has already acquired over six hundred pages of filings as of the end of September. Plaintiff has not proven that number should be increased. The Motion for Reconsideration (ECF No. 60) is DENIED.

October 9, 2015.

                                                    s/ *Michael R. Merz*
                                               United States Magistrate Judge