# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GEORGIANNA I. PARISI,

        Plaintiff,    :    Case No. 3:14-cv-346

           District Judge Thomas M. Rose
- vs -    Magistrate Judge Michael R. Merz

MATHIAS HECK, JR., et al.,

        Defendant.    :

# DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF LEAVE TO FILE AMENDED COMPLAINT

This case is before the Court on Plaintiff's Motion (ECF No. 59) for the Magistrate Judge to reconsider his Order denying Plaintiff leave to file an amended complaint ("Order," ECF No. 58).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

1

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).  Plaintiff grounds her Motion for Reconsideration in claims that the Order is based on manifest error of law.

First of all, she notes the Order claims she had not shown good cause for delaying her Motion to Amend until nearly six months after the deadline for moving to amend (ECF No. 59, PageID 646).  She claims she did so by pointing out that all deadlines in the case "have been dispensed with by this Court."  Parisi is presumably referring to the Joint Motion (ECF No. 45) which was based on the representation that

> Lay Witness Disclosures are due August 3rd. The Parties agreed in their Rule 26 filing to stay all discovery pending early dispositive motions. The Parties are not in a position, absent the benefit of discovery, to make a full disclosure of lay witnesses. The resources of all Parties would be benefitted by a stay of all future dates and deadlines pending the issuance of a decision on the Report and Recommendation (Doc. 42).

*Id.* . The Court did not "dispense" with all deadlines.  It stayed future deadlines pending a decision on the Motions for Judgment on the Pleadings.  At the time the Court granted that Motion on July 31, 2015, the deadline for amendments was long past.

Plaintiff did not move to amend until many months after the deficiencies in her pleading were pointed out by Defendants' Fed. R. Civ. P. 12(c) Motions.  The Motion to Reconsider is therefore DENIED.

October 9, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge